341 P.2d 451

Robert E. SMYLIE, Governor of Idaho, Plaintiff,

v.

Joe R. WILLIAMS, State Auditor, Defendant.

No. 8789.

Supreme Court of Idaho.

June 26, 1959.

Rehearing Denied July 27, 1959.

Allan G. Shepard, Oscar W. Worthwine, Boise, for plaintiff.

Frank L. Benson, Atty. Gen., E. G. Elliott, B. James Koehler, Jr., Thomas Y. Gwilliam, Asst. Attys. Gen., for defendant.

KNUDSON, Justice.

This is an original proceeding in this Court for a writ of prohibition to be directed to Joe R. Williams, State Auditor of the State of Idaho, prohibiting him from usurping, performing or attempting to perform any of the legal powers and duties of the Bureau of Public Accounts (hereinafter referred to as Bureau) or interfering with or prohibiting the performance by the governor or his appointees or employees of the powers and duties of the office of said Bureau or in the alternative to show cause before this Court why the writ should not issue. The alternative writ of prohibition issued and defendant regularly filed his answer to plaintiff's petition.

The material allegations of the petition are that said Bureau as created under the provisions of § 67–2702, I.C., is created in the office of the governor and that the governor is the chief officer of said Bureau. That the governor by and through said Bureau has certain duties and powers, among other things, to make a complete audit of each and every fund in the state treasury at least once each biennium. It is further alleged that the defendant has attempted to discharge employees of said Bureau and unless prohibited will interfere with and prevent personnel of said Bureau from carrying out their duties and will usurp, assume and perform duties relative to said Bureau which are vested by law in the governor of the state. That plaintiff has a vital legal interest in the questions herein involved in that he must know what duties are conferred on him by the constitution and laws of this state. That the public of the state of Idaho has a vital legal interest in said questions and that plaintiff has no other plain, speedy or adequate remedy.

The answer of defendant denies that there now is or ever has been any legal statutory Bureau of Public Accounts of the type and character alleged by plaintiff save and except to the extent that some part of the work under the powers and duties of

said auditor has been so designated. Defendant denies that plaintiff is entitled to have a speedy determination of the questions attempted to be raised by his petition for the reason that all such questions and issues have heretofore been fully determined and decided by this Court. Defendant denies that he has discharged any employees of the said Bureau or that he has interfered with the personnel of such Bureau. Defendant affirmatively alleges that such Bureau has no legal existence under the laws of this state and therefore the plaintiff, as chief officer thereof, has no power or duties to be usurped, violated or interfered with. Defendant affirmatively alleges other matters in the nature of argument in support of his contention that the Bureau has no legal existence.

Notwithstanding the fact that plaintiff's petition specifies a number of duties and powers which are allegedly conferred upon plaintiff as the chief officer of the Bureau of Public Accounts, plaintiff's attorneys, during oral argument before this Court, advised the Court that the only issue raised and presented by plaintiff in this proceeding is whether the plaintiff as chief officer of the Bureau of Public Accounts has the power and duty to perform or cause to be performed the audit as authorized and directed by § 67–2703, I.C., referred to by counsel for plaintiff as a "post audit". The issues therefore present the following questions to be decided:

(1) Was the office of Bureau of Public Accounts created By Idaho Session Laws of 1923, Ch. 164, and does it legally exist?

(2) If said Bureau of Public Accounts legally exists is the governor of the state the chief officer thereof?

(4) If said Bureau of Public Accounts exists is the making of an audit as provided in § 67–2703 one of the lawful powers and duties of such Bureau?

We shall first consider the question of the legal existence of said Bureau. It must be remembered that our State Constitution is an instrument of limitation and not of grant and that the legislature has plenary power in all matters of legislation except where prohibited by the constitution. Idaho Constitution, Art. 1, § 21; St. Joe Improvement Co. v. Laumierster, 19 Idaho 66, 112 P. 683; State ex rel. Macey v. Johnson, 50 Idaho 363, 296 P. 588; Diefendorf v. Gallet, 51 Idaho 619, 10 P.2d 307; Koelsch v. Girard, 54 Idaho 452, 33 P.2d 816; Utah Oil Refining Co. v. Hendrix, 72 Idaho 407, 242 P.2d 124; Eberle v. Nielson, 78 Idaho 572, 306 P.2d 1083.

There is no question but that the legislature may, in the exercise of its plenary power, create an office or offices not established by the constitution and not prohibited by either the Federal or State Constitution. In the case of Ingard v.

Barker, 27 Idaho 124, 147 P. 293, 295, this Court, after citing § 6, Art. 4, of the State Constitution, stated:

"Under this constitutional provision, the Legislature has the power to create an office and provide for the filling of the same whenever such office is not established by the Constitution, and to provide for the appointment of such officer either by the chief executive or in any other manner that in the wisdom of the Legislature it may deem proper; there being no inhibition in the Constitution as to the creation of other offices than those named therein, but, on the contrary, there being an express recognition of the power in the following terms: 'or which may be created by law, and whose appointment or election is not otherwise provided for.'"

Where an office is of legislative creation the legislature can modify, control or abolish it; and within these powers is embraced the right to change the mode of appointment to the office. Ingard v. Barker, supra; Davis v. State, 7 Md. 151, 61 Am.Dec. 331; People v. Osborne, 7 Colo. 605, 4 P. 1074. Said Bureau came into existence by virtue of Idaho Session Laws of 1923, Ch. 164, the pertinent provisions of which are as follows:

"The governor is the chief officer of the bureau of public accounts. The governor, with the assistance of the state auditor, is directed to carry out the provisions of this chapter and the duties and powers herein set forth through a bureau of public accounts created in the office of the state auditor, and the governor, and state auditor, through said bureau shall have power * * *"

The next succeeding legislation in which said Bureau is mentioned is Idaho Session Laws of 1933, Ch. 103, under the provisions of which § 65–2602, I.C.A. (formerly Ch. 164), was amended by deleting therefrom any reference to the State Auditor or the office of State Auditor. The next legislation in which said Bureau is mentioned is Idaho Session Laws of 1935, Ch. 151 (now §§ 67–2703, 67–2704, I.C.), which provides for the making by said Bureau of a biennium audit of the funds in the state treasury. Thereafter and under the provisions of Idaho Session Laws of 1939, Ch. 113, § 10, the legislature attempted to transfer the powers and duties of said Bureau to an office entitled "Comptroller" the creation of which office was provided for in said act.

It is contended on behalf of defendant that said Bureau was by Idaho Session Laws of 1939, Ch. 113, § 10, transferred from the office of the governor to the comptroller referred to in said § 10 and was thereafter declared wholly unconstitutional and void by decision of this Court in the

case of Wright v. Callahan, 61 Idaho 167, 99 P.2d 961, 963. It will be observed that in the said case of Wright v. Callahan, supra, the issue involved was the constitutionality of said Ch. 113, supra. It was attempted under the provisions of said chapter to create the office of Comptroller to which office was to be transferred, among other powers, all the powers and duties theretofore belonging to or conferred on the Bureau of Public Accounts and the State Auditor. There was no issue in the said Wright v. Callahan case as to the constitutionality of the act creating the Bureau of Public Accounts, or its legal existence, nor did the Court express its view concerning such matters. By its decision in said case the judgment of the trial court declaring said Ch. 113, supra, "unconstitutional in its entirety" was affirmed. Notwithstanding the fact that under the provisions of said Ch. 113 an attempt was made to transfer all the powers and duties of said Bureau to another office no such transfer was accomplished since the act under which it was attempted was unconstitutional and inoperative. Norton v. Shelby County, 118 U.S. 425, 6 S.Ct. 1121, 30 L.Ed. 178; State v. Malcom, 39 Idaho 185, 226 P. 1083; State v. Village of Garden City, 74 Idaho 513, 265 P.2d 328; State v. Frederic, 28 Idaho 709, 155 P. 977; In re Norton, 64 Kan. 842, 68 P. 639; State v. Bates, 22 Utah 65, 61 P. 905.

Since the office attempted to be created under the provisions of said Ch. 113 never came into existence and no transfer of the powers and duties of the offices of said Bureau or the State Auditor was accomplished said offices remained the same as they were prior to the attempted transfer under said Ch. 113.

Defendant further contends that if the powers and duties of said Bureau were not declared unconstitutional by the decision in the case of Wright v. Callahan, supra, then they were repealed by the enactment of the Idaho Session Laws of 1941, Ch. 27 (§ 67–1018, I.C.), the pertinent provisions of which are as follows:

"The state auditor shall have power to prescribe and install, to modify from time to time, and to enforce, an accurate and modern system of accounting and bookkeeping for the state of Idaho, to cover and include all its financial transactions and all funds and property owned by or held in trust or custody of the state, and to that end may take all proceedings and make all investigations necessary to procure the information for said purposes, and may also require the keeping of such books, records and accounts and the making of such reports as he may from time to time prescribe, in and by the office of the state auditor, and all other state

offices, departments, boards and institutions.

\* \* \* \* \* \*

"All acts and parts of acts in conflict herewith are hereby repealed."

It will be observed that the principal object and purpose of said Ch. 27, supra, is to authorize the State Auditor to prescribe and enforce a modern and accurate system of accounting, bookkeeping and reporting relative to financial transactions, funds and property of the State of Idaho. Its provisions in no way conflict with the duty prescribed under § 67–2703, I.C., with which we are here concerned and consequently does not repeal, either directly or by implication, said § 67–2703, I.C.

We do not herein consider or decide what all the powers and duties are which pertain to said Bureau or to the office of the State Auditor. Suffice to say that if there exists among the powers and duties of the office of State Auditor a duty and authority to perform an audit of the funds in the state treasury it would not necessarily follow that the duty and power as provided in said § 67–2703, I.C., is repugnant to or in conflict with such power and duty of the State Auditor.

▉ The legislature may authorize or direct audits to be made and reports to be furnished by any office created by it. It is conceivable that the legislature may deem it advisable and necessary to provide for an audit report from more than one source. The wisdom and propriety of such legislation is not of judicial concern so long as it does not conflict with the powers and duties conferred upon a constitutional officer or undertake to divest such officer of any power or duty conferred on him by the constitution. We therefore conclude that the office of Bureau of Public Accounts was lawfully created and legally exists.

▉ The answer to the question as to who is the chief officer of the Bureau of Public Accounts is found in the statute, as amended, which created the office, being § 67–2702, I.C., the provisions thereof which are pertinent to the question involved are as follows:

"The governor is the chief officer of the bureau of public accounts. The governor is directed to carry out the provisions of this chapter and the duties and powers herein set forth through a bureau of public accounts created in the office of the governor, and through said bureau shall have power: \* \* \*"

It is clear that the governor of the state is the chief officer of said Bureau and as such is entitled to engage, direct or discharge the personnel authorized to be employed by said Bureau. § 67–2704, I.C., provides as follows:

"The bureau of public accounts is hereby authorized to employ such accountants and clerical assistants as may be necessary to carry out the provisions of this act, and there is hereby appropriated out of each fund a sufficient sum to defray the cost and expense of the audit of the same, such appropriation being a continuing appropriation."

The remaining question presented by the issues herein involved inquires as to whether the making of an audit as provided in § 67–2703, I.C., is one of the lawful powers and duties of said Bureau. Said § 67–2703 provides as follows:

"The bureau of public accounts is hereby authorized and directed to make a complete audit of each and every fund in the state treasury at least once during every biennium beginning with the fiscal year of 1935 and to report the result of said audit to each ensuing session of the Legislature."

The language of said statute clearly provides that the making of an audit as therein described is a function and duty to be performed by and through the Bureau of Public Accounts. It is a ministerial duty which the legislature could lawfully confer upon any office of its own creation. It neither adds to, diverts from nor conflicts with the powers or duties of any constitutional office.

As part of defendant's affirmative answer he has included allegations as to what he contends the practice has been by the officers involved relative to carrying out the powers and duties which were originally prescribed for said Bureau. Even though the governor has not exercised all the authority granted him by a legislative enactment such non-use would not make the act granting the authority unlawful, non-existent or non-enforceable. Whatever said practice may have been it would not be helpful or controlling in determining the questions of law here in issue.

Having concluded that the Bureau of Public Accounts legally exists and that the governor is the chief officer thereof and that the audit directed to be made under the provisions of § 67–2703, I.C., is a power and duty of said Bureau, it is ordered that a writ of prohibition issue as prayed for.

PORTER, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.