919 P.2d 1032

**SELKIRK–PRIEST BASIN
ASSOCIATION, INC.,**
Plaintiff–Appellant,

v.

**STATE of Idaho, ex rel., Philip E. BATT,
Governor; Pete T. Cenarrusa, Secretary
of State; Alan G. Lance, Attorney General; J.D. Williams, State Auditor; and
Ann Fox, Superintendent of Public Instruction, as the State Board of Land
Commissioners, and Stanley F. Hamilton, Director Idaho Department of
Lands, all in their official capacities,
Defendants–Respondents,**

and

**Intermountain Forest Industry
Association, Inc., Intervenor–
Defendant–Respondent.**

No. 21145.

Supreme Court of Idaho,
Boise, March 1996 Term.

June 18, 1996.

Rehearing Denied Aug. 2, 1996.

Thompson, Ashcraft & Burnham, Mountain Home; Laurence (Laird) J. Lucas (argued), Boise, for appellant.

Alan G. Lance, Attorney General; Steven J. Schuster, Deputy Attorney General (argued), Boise, for respondent.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Boise, for intervenor-respondent. Stephen R. Thomas argued.

SILAK, Justice.

The Selkirk–Priest Basin Association (SPBA) challenges a sale of timber on school endowment trust lands, alleging that the sale would have an adverse impact on the lands which its members use for recreational and aesthetic enjoyment. We hold that SPBA has not demonstrated a distinct and palpable injury to its recreational interest in the area which confers standing to challenge the State Board of Land Commissioners' (Land Board) administration of endowment trust lands.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Upon admission to the United States, the State of Idaho received certain lands to be used for the benefit of the common schools. The Land Board is charged with the duty to manage the endowment trust lands in a manner which secures the maximum long-term financial return. Pursuant to this duty, the Land Board proposed to sell approximately 5.2 million board feet of timber from endowment trust lands near Priest Lake, in an area known as Bugle Ridge. The final sale plan enlarged the timber sale to 7.4 million board feet and reduced the total acreage to be logged from 940 acres to 600 acres.

SPBA is a non-profit organization whose members work in and use the Priest Lake area for recreational and aesthetic enjoyment. SPBA appeared before the Land Board challenging the sale's compliance with trust duties and various environmental laws. The Land Board approved the proposed timber sale over SPBA's protest.

SPBA filed suit in district court challenging the constitutionality of Idaho Code Section 58–405, which bars judicial review of timber sales by the Land Board under the Administrative Procedures Act (APA), I.C. § 67–5201 et seq., and I.C. § 58–407, which requires that a party seeking an injunction of a Land Board approved timber sale post a bond equal to the greater of the timber sale's appraised value or the actual purchase price. SPBA also alleged procedural and substantive defects in the Land Board's decision as an "aggrieved party" under the APA. The district court denied SPBA's motion to enjoin the timber sale. The court granted Intermountain Forest Industry Association, Inc.'s (IFIA) motion to intervene in this matter after a timber company represented by the IFIA successfully bid on the timber.

The State of Idaho and IFIA moved for summary judgment arguing that SPBA failed to establish that it had standing to challenge the timber sale. SPBA responded that since its membership included the parents and grandparents of school children it had standing as a beneficiary of the endowment land trust. It also alleged standing as an "aggrieved party" under the APA. Third, it contended that its members had a protectable interest in their recreational and aesthetic use of the area. In support of this latter contention, SPBA submitted affidavits from its members explaining that the sale would result in soil erosion, water quality impairment, habitat destruction, as well as negatively impact fish and wildlife in the area to the detriment of the members' recreational and aesthetic use of the area.

The district court granted the defendant's and intervenor's motion for summary judgment. The court held that the constitutionality of I.C. § 58–407 was moot because it had

previously denied SPBA's motion for an injunction. Further, the district court found that schools and school districts, not the parents and grandparents of the school children, were the beneficiaries of the endowment land trust. Because SPBA did not represent either of those beneficiaries, the district court concluded that SPBA lacked standing to challenge the timber sale. The court dismissed SPBA's recreational interest as being at best incidental and did not confer standing.

The appeal was stayed while this Court decided *Selkirk–Priest Basin Ass'n, Inc. v. State ex. rel. Andrus*, 127 Idaho 239, 899 P.2d 949 (1995) (*SPBA I*), involving a separate challenge by SPBA of an endowment land timber sale in the Lower Green Bonnet area. In *SPBA I*, this Court held that schools and school districts, not the parents and grandparents of schoolchildren represented by SPBA, are the beneficiaries of the endowment land trust. Following the decision in *SPBA I*, this appeal was set for argument to address SPBA's other claims of standing.

## II.

### ISSUES ON APPEAL

1. Whether the district court erred in entering summary judgment against SPBA for lack of standing, when SPBA alleged and demonstrated upon summary judgment its standing based on the following three independent grounds:

   (a) injury to its members' recreational and aesthetic use of the affected public lands and streams;

   (b) its status as an "aggrieved" party under the APA, I.C. § 67–5270 *et seq.*; and/or

   (c) injury to the First Amendment, equal protection, and due process rights of SPBA and its members, which SPBA seeks to protect by challenging the constitutionality of I.C. § 58–405 and I.C. § 58–407, as amended.

## III.

### STANDARD OF REVIEW

When reviewing a grant of summary judgment, the Supreme Court employs the same standard as that used by the trial court when ruling on the motion. *Avila v. Wahlquist*, 126 Idaho 745, 747, 890 P.2d 331, 333 (1995). The facts and all reasonable inferences therefrom are liberally construed in the non-moving party's favor. *Bonz v. Sudweeks*, 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(d).

## IV.

### ANALYSIS

**A. SPBA Has Not Demonstrated A Distinct And Palpable Injury Which Is Not Suffered Alike By All Citizens Of The Jurisdiction.**

SPBA does not contest our decision in *SPBA I* that it lacks standing to challenge the administration of endowment trust lands because it does not represent a beneficiary of the endowment land trust. Rather, in this case we are asked to determine whether the alleged injury to SPBA's members' recreational and aesthetic use of land confers upon them standing to challenge the administration of the endowment trust lands. After reviewing the affidavits submitted by SPBA in opposition to the State's motion for summary judgment we conclude that SPBA has not demonstrated a distinct and palpable injury so as to confer standing.

Because this appeal concerns the standing of SPBA to challenge the administration of endowment trust lands, we are not concerned with the merits of the issues SPBA wishes to litigate; instead we focus upon the party seeking relief itself. *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). In order to possess standing, either the organization or its members must face "injury." *SPBA I*, 127 Idaho at 242, 899 P.2d at 952. The injury must be distinct and palpable and not be one suffered

alike by all citizens in the jurisdiction. *Miles,* 116 Idaho at 641, 778 P.2d at 763; *see also, Student Loan Fund v. Payette County,* 125 Idaho 824, 828, 875 P.2d 236, 240 (Ct. App.1994) (stating that "an interest, as a concerned citizen, in seeing that the government abides by the law does not confer standing").

We find our recent opinion in *Boundary Backpackers v. Boundary County,* 128 Idaho 371, 913 P.2d 1141 (1996) to be instructive in this regard. In *Boundary Backpackers,* several environmental organizations and eighteen individuals sought to challenge a county ordinance that required all federal and state agencies to comply with a county land use policy plan. As is the case here, the appellants alleged injury to .their environmental, aesthetic, and recreational interests in state lands, waters, and natural resources. Out of all the appellants, we found that only the affidavit of a commercial guide in the county demonstrated a sufficient injury in fact so as to confer standing to challenge the ordinance. *Id.* at 1145. The commercial guide's affidavit revealed that he had relied on the county lands as a site for professionally guiding for compensation and that enforcement of the challenged ordinance would result in the loss of a substantial amount of open space used in his guided tours. However, as for the remaining appellants, we concluded that their affidavits did not demonstrate an injury in fact that was not one suffered alike by all the citizens of the county. *Id.* at 1145.

The injury suffered by SPBA's members is at best a generalized grievance distinguishable from the injury suffered by the professional guide in *Boundary Backpackers.* SPBA's affidavits do not establish a peculiar or personal injury that is different than that suffered by any other member of the public. The affidavits indicate the members use the area for hiking and berry-picking and that such use is occasional at best, with the most regular contact being one member who visits the area two weeks out of the year. We do not believe that the members' occasional use of the area for recreational or aesthetic enjoyment creates a particularized injury such that SPBA's members have a "distinct palpable injury" not shared in substantially equal measure by all or a large class of citizens. *See Miles v. Idaho Power Co.,* 116 Idaho at 641, 778 P.2d at 763. Accordingly, we affirm the district court's grant of summary judgment to the respondents based on SPBA's lack of standing to challenge the Land Board's decision to sell land.

**B. SPBA May Not Challenge The Administration Of Endowment Trust Lands As An "Aggrieved Party" Under The Administrative Procedures Act.**

█ SPBA argues that it may challenge the timber sale as a party aggrieved by final agency action pursuant to the APA. Concerning the APA's right of review, I.C. § 67–5270 provides that "[j]udicial review of agency action shall be governed by the provisions of this chapter unless other provision of law is applicable to the particular matter." Thus, the APA's grant of judicial review to parties aggrieved by final agency action expressly defers to contrary provisions in other substantive statutes. I.C. § 58–405 contains such a contrary provision of law and states that "decisions by the state board of land commissioners shall not receive judicial review pursuant to the administrative procedure act...." Because I.C. § 58–405 prohibits APA review of Land Board timber sales and the APA defers to this prohibition, SPBA cannot claim standing in this matter as an aggrieved party under the APA.

**C. SPBA Does Not Have Standing To Challenge The Constitutionality Of I.C. § 58–405 And I.C. § 58–407.**

█ SPBA also attempts to challenge the constitutionality of I.C. §§ 58–405 and 407 pursuant to the Declaratory Judgment Act, Idaho Code Section 10–1201 *et seq.* As SPBA acknowledges, the Declaratory Judgment Act does not relieve a party from showing that it has standing to bring the action in the first instance. *SPBA I,* 127 Idaho at 245, 899 P.2d at 955. It is clear that "only those to whom a statute applies and who are adversely affected by it can draw into question its constitutional validity in a declaratory judgment proceeding." *Greer v. Lewiston Golf & Country Club,* 81 Idaho 393, 395–96, 342 P.2d 719, 720–21 (1959). SPBA argues

that its right to challenge timber sales is directly impacted by these two statutes. However, our holdings here and in *SPBA I* establish that SPBA does not have standing, as alleged in these two instances, to challenge the timber sale. Because SPBA has not demonstrated that it possesses standing to challenge the timber sale in the first instance, it may not maintain a claim of invalidity under the Declaratory Judgment Act.

## V.

### CONCLUSION

SPBA's affidavits do not establish an injury personal to any of its members that is not equally felt by all the citizens of the county or state. As a result, SPBA has not demonstrated a distinct and palpable injury sufficient to confer it with standing to challenge the administration of endowment trust lands. Nor can SPBA claim standing as a party aggrieved by final agency action pursuant to I.C § 67–5270 since review of the Land Board's decision under the APA is expressly prohibited by I.C. § 58–405. Finally, because SPBA lacks standing in the first instance, it cannot challenge the constitutionality of I.C. §§ 58–405 and 407 under the Declaratory Judgment Act.

Costs on appeal to respondent and intervenor.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.