115 P.3d 756

Ralph GALLAGHER, Plaintiff–Appellant,

v.

The STATE of Idaho; the Honorable Dirk Kempthorne, Governor of the State of Idaho; the Legislature of the State of Idaho, by and through the Honorable Robert Geddes, President Pro Tempore of the Senate; and the Honorable Bruce Newcombe, Speaker of the House; the Idaho State Tax Commission, by and through Du Wayne D. Hammon, Jr., Coleen Grant, Larry Watson, and Sam Haws, Commissioners; the Honorable Ron Crane, State Treasurer; the Honorable Keith Johnson, Auditor and Controller, Defendants–Respondents.

No. 30685.

Supreme Court of Idaho,
Boise, April 2005 Term.

June 24, 2005.

Huntley, Park, LLP, Boise, for appellant. Robert C. Huntley argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Michael S. Gilmore, Deputy Attorney General, argued.

BURDICK, Justice.

This is an appeal from a judgment denying the claims of Idaho resident Ralph Gallagher, who purchases and smokes cigarettes. He alleges the 2003 legislative enactment of the one percent sales and use tax (House Bill 400aaS) and the increase of the cigarette tax (House Bill 264aaS, aaS) are unconstitutional. The district court found that Gallagher lacked standing to challenge the cigarette tax and that the sales tax legislation was constitutionally enacted. We agree with the district court's determination and therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Gallagher sued for declaratory judgment and injunctive relief requesting the district court to find the one percent sales and use tax (House Bill 400aaS) and the increase to the cigarette tax (House Bill 264aaS, aaS) unconstitutional. Gallagher sued the State, the Governor, the Idaho State Legislature, the Idaho State Tax Commission, the Idaho State Treasurer, the Idaho State Auditor, and the Idaho State Controller (hereinafter collective referred to as the State). Gallagher argued that both tax measures had been enacted in violation of Article III, § 14 of the Idaho Constitution because the constitutional provision requires all bills for raising revenue originate in the House of Representatives. Gallagher asserts that both bills originated in the Senate. Gallagher's complaint asked for class certification of all Ida-

ho's residents or citizens who have either 1) paid the one percent sales and use tax or 2) purchased cigarettes and paid the additional $.29 per pack.

Within a month of filing the complaint, Gallagher filed a motion for summary judgment and a motion for class certification. Shortly thereafter, the State filed a motion to dismiss, challenging both Gallagher's standing to bring the action and the merits of the substantive allegations. Gallagher then motioned the district court to amend his complaint to add Howard Davis and Howard's Tackle Shoppe as plaintiffs.

The State did not object to the class certification for those residents or citizens who paid the one percent sales and use tax. The State did, however, object to the certification of the class relating to the cigarette tax because there was no class representative with standing to represent a class of persons upon whom the legal incidence of the cigarette tax fell.

On March 22, 2004, the district court granted the State's motion to dismiss. The district court held that Gallagher lacked standing to challenge the cigarette tax because he failed to establish any peculiar injury as a result of the challenged legislation and because he was not subject to the legal incidence of the cigarette tax. The district court further held that even if Gallagher had standing, both tax measures were constitutional because, although substantially amended by the Senate, the revenue bills were introduced in the House. The district court deemed it unnecessary to discuss Gallagher's motion to add additional parties or his motion for class certification. Gallagher appealed.

Shortly after the decision, the State motioned the district court for attorney fees. On June 24, 2004, the district court issued its memorandum decision and order awarding the State $6,263 in attorney fees pursuant to I.C. §§ 12–117 and/or 12–121, and I.R.C.P. 11 against Gallagher and his counsel. The award for attorney fees by the district court has not been reduced to a judgment.

## STANDARD OF REVIEW

■ This case comes to the Court on review of an order granting the State's motion to dismiss pursuant to Rule 12(b)(6), for failure to state a claim.

The Court's standard of review for an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6) is the same as the summary judgment standard of review. *See Coghlan v. Beta Theta Pi Fraternity,* 133 Idaho 388, 398, 987 P.2d 300, 310 (1999); *see also Orthman v. Idaho Power Co.,* 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. *Coghlan,* 133 Idaho at 398, 987 P.2d at 310. "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.'" *Id., citing* Orthman 126 Idaho at 962, 895 P.2d at 563, *quoting Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90, 96 (1974) (citation omitted).

*Bradbury v. Idaho Judicial Council,* 136 Idaho 63, 67, 28 P.3d 1006, 1010 (2001).

## *ANALYSIS*

I. GALLAGHER LACKS STANDING TO CHALLENGE THE CIGARETTE TAX.

■ The district court held that Gallagher lacked standing to challenge the cigarette tax because he failed to establish any peculiar injury as a result of the challenged legislation and because he is not subject to the legal incidence of the cigarette tax. Gallagher argues he has standing to challenge the cigarette tax according to *Young v. City of Ketchum,* 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002), because as a smoker he is not on the same ground as citizens generally, and according to *Thomson v. City of Lewiston,* 137 Idaho 473, 477, 50 P.3d 488, 492 (2002), because he has a particularized injury that is not suffered alike by all citizens and taxpayers. Gallagher also asks this Court to revisit *V–1 Oil Co. v. State Tax Comm'n,* 98 Idaho 140, 559 P.2d 756 (1977), and *Goodman Oil Co. of Lewiston v. Idaho State Tax Comm'n,* 136 Idaho 53, 28 P.3d 996 (2001), calling that caselaw a "shameful dodge by a court seek-

ing an excuse to avoid its responsibilities under the Constitution." Gallagher contends that the rule of law outlined in those cases regarding the incidence of the tax and the economic burden does not apply to this case. Gallagher suggests the person who purchases the cigarettes and actually pays the tax should have standing to contest an illegal enactment, not the wholesaler who passes the tax burden onto the ultimate consumer.

Idaho Code Title 10, chapter 12, provides authority for the courts to render a declaratory judgment. *State v. Rhoades*, 121 Idaho 63, 69, 822 P.2d 960, 966 (1991). "It is a fundamental tenet of American jurisprudence that a person wishing to invoke a court's jurisdiction must have standing." *Van Valkenburgh v. Citizens for Term Limits*, 135 Idaho 121, 125, 15 P.3d 1129, 1132 (2000). "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). In Idaho, a "taxpayer may not challenge a governmental enactment where the injury is one suffered by all citizens and taxpayers alike." *Van Valkenburgh*, 135 Idaho at 125, 15 P.3d at 1133. The taxpayer must establish a peculiar or personal injury that is different than that suffered by the public. *Noh v. Cenarrusa*, 137 Idaho 798, 801, 53 P.3d 1217, 1220 (2002). Individuals who are legislatively required to pay the tax (bearing the incident of tax) have standing. Even if the tax is passed on to another consumer (bearing the economic burden of the tax) those consumers lack standing. *See Goodman Oil Co. of Lewiston*, 136 Idaho at 59–60, 28 P.3d at 1002–1003; *V-1 Oil Co.*, 98 Idaho at 145, 559 P.2d at 761. Taxpayers who have a "generalized grievance" shared by a large class of citizens do not have standing. *Young*, 137 Idaho at 104, 44 P.3d at 1159. The taxpayer's remedy is through the political process. *Miles*, 116 Idaho at 641, 778 P.2d at 763. We hold Gallagher lacks standing to challenge the cigarette tax.

## II. THE ONE PERCENT SALES AND USE TAX WAS CONSTITUTIONALLY ENACTED.

Gallagher appeals the district court's dismissal of his challenge to the constitutionality of the one percent sales and use tax. Gallagher alleges that the bill creating the additional revenue arose in the Senate and therefore violated the Idaho Constitution, Article III, § 14. He asserts because the Senate's version created a tax burden $253 million dollars greater than the House version, it was a revenue bill that originated in the Senate.

The House introduced the sales and use tax bill, HB 400, on April 2, 2003. The bill proposed to increase Idaho's sales and use tax from 5% to 5.5% for twelve months from July 1, 2003 to June 30, 2004. The bill passed the House on April 7, 2003 and was introduced to the Senate on the same day. The Senate made several amendments to the bill. The Senate's amendments essentially proposed to increase the sales and use tax from 5% to 6% for 26 months from May 1, 2003 to June 30, 2005. The Senate passed HB 400 with its amendments on April 15, 2003. The bill became HB 400 as amended by the Senate (House Bill 400aaS). The House concurred with the Senate's amendments on April 17, 2003. On April 25, 2003, the Governor signed HB 400aaS into law as 2003 Idaho Session Law, Chapter 318.

Article III, § 14 of the Idaho Constitution provides: "Bills may originate in either house, but may be amended or rejected in the other, except that bills for raising revenue shall originate in the house of representatives." This provision "does not prohibit the Senate from denying passage of a revenue bill, and it does not specifically prohibit the Senate from amending a revenue bill." *Worthen v. State*, 96 Idaho 175, 179, 525 P.2d 957, 961 (1974). "To prohibit the Senate from amending House originated revenue bills, would be an obstruction of the legislative process." *Id.*

This Court has already explicitly held that the Senate may amend House originated revenue bills. *Id.* The sales and use tax originated in the House. The Senate made amendments and the House approved. This sales and use tax, HB 400aaS, was constitutionally enacted.

## III. THE DISTRICT COURT'S AWARD OF ATTORNEY FEES WAS NOT PROPERLY RAISED ON APPEAL.

The district court awarded attorney fees in the amount of $6,263 against Gallagher and his counsel pursuant to I.C. § 12–117 and/or I.C. § 12–121, and I.R.C.P. 11. Gallagher asserts as an issue on appeal that the district court erred in imposing sanctions (attorney fees of $6,263) upon Ralph Gallagher and his attorney for bringing his action, which was brought in good faith and in the public interest. In a one-line sentence in Gallagher's opening brief he argues, "[t]his action was presented as a public service in good faith—the imposition of sanctions should be reversed." Gallagher additionally stated, "[t]he § 6262[sic] award is directed against Robert Huntley because he, not Ralph Gallagher, made the decision that the case is meritorious."

 This Court has "held that issues that were raised on appeal, but not supported by propositions of law, authority, or argument, would not be considered by the Court." *Matter of Writ of Prohibition,* 128 Idaho 266, 273, 912 P.2d 634, 641 (1995), *accord Estes v. Barry,* 132 Idaho 82, 87, 967 P.2d 284, 289 (1998). When the opening brief contains no authority on an issue presented, it is immaterial that the party provides authority either in a reply brief or in supplemental briefing because the issue had already been waived. *See Estes,* 132 Idaho at 87, 967 P.2d at 289.

Gallagher fails to provide any argument or authority to support his claim the district court erred in imposing sanctions against him and his attorney. Gallagher waived this issue on appeal and it is not properly before this Court. We will not consider it on appeal.

## IV. THE DISTRICT COURT'S ORDER DENYING THE MOTION TO AMEND THE COMPLAINT WAS NOT PROPERLY RAISED ON APPEAL.

 Gallagher asserts as an issue on appeal that the trial court erred in denying his motion to amend the complaint to add addi-

tional plaintiffs, Howard Davis and Howard's Tackle Shoppe. In Gallagher's opening brief he asserts in a footnote: "We moved for leave to add Howard Davis, and his business, Howard's Tackle Shoppe as parties plaintiff, which motion the trial court incorrectly denied." Nowhere else in Appellant's opening brief does he make any argument about the district court erring in not amending the complaint.

 "In order to be considered by this Court, the appellant is required to identify legal issues and provide authorities supporting the arguments in the opening brief." *Myers v. Workmen's Auto Ins. Co.,* 140 Idaho 495, 508, 95 P.3d 977, 990 (2004). This Court will not consider issues argued for the first time in the reply brief. *Id.* Gallagher failed to present any authority regarding the district court's alleged error in denying the motion to amend the complaint. Therefore, we will not consider the district court's decision to deny Gallagher's motion to amend his complaint.

## V. NEITHER PARTY IS ENTITLED TO ATTORNEY FEES ON APPEAL.

 The State requests attorney fees on appeal pursuant to I.C. §§ 12–117 and 12–121 and I.A.R. 11.1. This Court may award attorney fees pursuant to I.C. § 12–121 if the Court finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation. *Karlson v. Harris,* 140 Idaho 561, 571, 97 P.3d 428, 438 (2004). When the law is well-settled and the Appellants have made no substantial showing that the district court misapplied the law, attorney fees are appropriate. *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 377, 973 P.2d 142, 148 (1999). Idaho Code § 12–117 authorizes attorney fees against a government entity if the party acted without a reasonable basis in fact or law. *IHC Hospitals, Inc. v. Teton County,* 139 Idaho 188, 191, 75 P.3d 1198, 1201 (2003). Pursuant to I.A.R. 11.1, sanctions may be awarded if this Court finds that an attorney has signed appellate briefs or other documents that are not "well grounded in fact and ... warranted by existing law or a good faith argument for the extension, modification, or reversal of exist-

ing law" or that a document was interposed for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Landvik by Landvik v. Herbert,* 130 Idaho 54, 63, 936 P.2d 697, 706 (Ct.App.1997).

We will not award attorney fees pursuant to I.C. §§ 12–117 or 12–121, as this case was not brought frivolously or without foundation. Although the law is well settled that the Senate may amend a revenue bill, Gallagher argued that such an amendment must not amount to a wholesale substitution of the bill leaving only the bill number intact. Gallagher's argument regarding the cigarette tax as it relates to the degree of the Senate's power to amend a House version of a bill under Article III, § 14 has not been addressed. Moreover, the issue of Gallagher's standing was not meritless. Neither party is awarded attorney fees on appeal.

### CONCLUSION

Gallagher lacks standing to challenge the cigarette tax. The sales and use tax bill (House Bill 400aaS) originated in the House and although substantially amended in the Senate was constitutionally enacted. Neither party shall be awarded attorney fees on appeal, however, costs are awarded to the State.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.