128 P.3d 926

**Katherine H. TROUTNER and Earnest D. Johnson, Plaintiffs–Appellants,**

v.

**Dirk KEMPTHORNE, in his official capacity as Governor of the State of Idaho, Robert L. Geddes, in his official capacity as President Pro Tempore of the Idaho State Senate, the Idaho State Senate and J. Philip Reberger, Defendants–Respondents.**

No. 30959.

Supreme Court of Idaho, Boise, September 2005 Term.

Jan. 6, 2006.

Huntley Park, LLP, for appellants. Daniel E. Williams, Boise, argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondents. Brett T. Delange, Deputy Attorney General, argued.

EISMANN, Justice.

This is an appeal from a judgment of the district court dismissing the Appellants' lawsuit seeking to have Respondent J. Philip Reberger removed from the Idaho Judicial Council. We affirm the judgment of the district court.

## I. FACTS AND PROCEDURAL HISTORY

The Governor nominated, and the Senate confirmed, J. Philip Reberger (Reberger) to a term on the Idaho Judicial Council commencing on September 18, 2003, and expiring on July 1, 2009. On February 14, 2004, the Plaintiffs–Appellants (Plaintiffs) brought this action seeking to have Reberger removed from the Judicial Council. They named as Defendants Dirk Kempthorne as Governor of the state of Idaho, Robert L. Geddes as

President Pro Tempore of the Idaho Senate, the Idaho Senate, and Reberger.

The Plaintiffs contended that Reberger's appointment to the Judicial Council violated Idaho Code § 1–2101(1), which provides:

There is hereby created a judicial council which shall consist of seven (7) permanent members, and one (1) adjunct member. Three (3) permanent attorney members, one (1) of whom shall be a district judge, shall be appointed by the board of commissioners of the Idaho state bar with the consent of the senate. Three (3) permanent nonattorney members shall be appointed by the governor with the consent of the senate. If any of the above appointments be made during a recess of the senate, they shall be subject to consent of the senate at its next session. The term of office for a permanent appointed member of the judicial council shall be six (6) years. Vacancies shall be filled for the unexpired term in like manner. Appointments shall be made with due consideration for area representation and not more than three (3) of the permanent appointed members shall be from one (1) political party. The chief justice of the Supreme Court shall be the seventh member and chairman of the judicial council. No permanent member of the judicial council, except a judge or justice, may hold any other office or position of profit under the United States or the state. The judicial council shall act by concurrence of four (4) or more members and according to rules which it adopts.

Specifically, the Plaintiffs contended that the appointment of Reberger, a Republican, resulted in four Republicans being on the Judicial Council, in violation of the provision that not more than three of the permanent appointed members shall be from one political party. To reach that result, they argued that the Honorable Randy Smith must be counted as being from the Republican Party because prior to becoming a district judge in 1996, he had been the chairman of the Idaho Republican Party. The Plaintiffs also contended that Reberger was ineligible for appointment because his membership on commissions or boards constituted holding another office or position of profit under the state.

The Defendants moved to dismiss the complaint, and, after hearing oral argument, the district court granted the motion. It held that the Plaintiffs lacked standing, that the issue was a non-justiciable political question, and that Reberger's appointment did not violate Idaho Code § 1–2101(1). The Plaintiffs then appealed.

## II. ISSUES ON APPEAL

A. Do the Plaintiffs have standing?

B. Would judicial intervention in Reberger's appointment violate the doctrine of separation of powers?

C. Are the Plaintiffs entitled to an award of attorney fees?

## III. ANALYSIS

### A. Do the Plaintiffs Have Standing?

 "Standing is a preliminary question to be determined by this Court before reaching the merits of the case." *Young v. City of Ketchum*, 137 Idaho 102, 104, 44 P.3d 1157, 1159 (2002). "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated." *Miles v. Idaho Power Co.*, 116 Idaho 635, 641, 778 P.2d 757, 763 (1989). To satisfy the requirement of standing, "litigants generally must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." *Id.* "The injury must be distinct and palpable and not be one suffered alike by all citizens in the jurisdiction." *Selkirk–Priest Basin Ass'n, Inc. v. State ex rel. Batt*, 128 Idaho 831, 833–34, 919 P.2d 1032, 1034–35 (1996). There must also be a fairly traceable causal connection between the claimed injury and the challenged conduct. *Young v. City of Ketchum*, 137 Idaho 102, 44 P.3d 1157 (2002). An interest, as a concerned citizen, in seeing that the government abides by the law does not confer standing. *Id.*

 In their complaint, the Plaintiffs alleged that they have standing because:

As members of the ISDP [Idaho State Democratic Party], Plaintiffs belong to the subset of the citizenry of the State of Idaho who have suffered a distinct palpable injury by being denied the chance to serve on the Judicial Council because of the appointment of a fourth member of the Republican Party to the Judicial Council. The Plaintiffs have not alleged any distinct and palpable injury suffered by them. Their sole allegation of injury is that they and other members of the Idaho State Democratic Party were denied the chance to serve on the Judicial Council because of Reberger's appointment. · Neither of the Plaintiffs had asked to be nominated to the Judicial Council vacancy filled by Reberger. Nomination by the Governor to the Judicial Council does not involve a merit selection process, and nobody has a right to be considered for such position. Even if a court removed Reberger, there is no requirement that the Governor consider the Plaintiffs or any other Democrat for the position.

■ The lack of any distinct and palpable injury to the Plaintiffs derives from the fact that Idaho Code § 1–2101(1) does not require that membership on the Council include persons from any particular political party, or that the members even be from a political party. It likewise does not require any balance of persons based upon their political or philosophical beliefs.[1] A person who is not currently a member of a political party would be eligible for appointment to the Council regardless of that person's prior party membership and regardless of that person's political or philosophical beliefs.[2] Thus, the Plaintiffs did not have any right to have a member of their political party appointed to Reberger's seat, and they did not even have a right to have someone appointed who would share their political or philosophical beliefs.

At most, the Plaintiffs can simply assert a generalized grievance that Reberger's appointment to the Judicial Council may have violated Idaho Code § 1–2101(1). We have consistently held, however, that citizens who have a generalized grievance shared by a large class of citizens do not have standing where they themselves have not suffered a distinct palpable injury as a result of the challenged conduct. *Gallagher v. State*, 141 Idaho 665, 115 P.3d 756 (2005); *Young v. City of Ketchum*, 137 Idaho 102, 44 P.3d 1157 (2002); *Selkirk–Priest Basin Ass'n, Inc. v. State ex rel. Batt*, 128 Idaho 831, 919 P.2d 1032 (1996). Their remedy is through the political process. *Gallagher v. State*, 141 Idaho 665, 115 P.3d 756 (2005).

To order Reberger removed from the Judicial Council because he constituted a fourth member of the Idaho Republican Party, we would have to hold that Judge Smith could not cease being a member of that party once he became a district judge. Even if we were to do so, we could not require the Governor to nominate a member of the Idaho State Democratic Party in Reberger's place. The Governor could appoint someone from any political party (other than the Republican Party), or he could appoint someone who had no party affiliation at all.

---

**1.** Political balance on a board or commission can be achieved by having persons from different political parties appoint the members, such as is done with the Commission for Reapportionment pursuant to Idaho Code § 72–1502.

**2.** The statute does not define what it means to be from a political party. Idaho law does not require voters to register as belonging to a particular political party. The words "political party" ordinarily refer to an organization whose purpose is to gain or express political power. For example, in *American Independent Party In Idaho, Inc. v. Cenarrusa*, 92 Idaho 356, 358, 442 P.2d 766, 768 (1968), we stated, "The right of citizens to organize, and give expression and effect to their political aspirations through political parties is inherent in, and a part of, the right of suffrage." Likewise, Idaho Code § 34–109

defines "political party" as "an affiliation of electors representing a political group under a given name as authorized by law."

Someone who is *from* a political party would be someone who is a member of that political organization. A person would not be from a political party merely because the person had formerly been a member of that party. Just as people have the right to organize into a political party, they also have the right to change or end their party affiliation or to refuse join a political party at all. Idaho Code § 1–2101(1) does not require that Council members be assigned to one of the existing political parties based upon a searching inquiry into their philosophical or political beliefs. The issue is simply whether the person is currently a member of a political party and, if so, which one.

The Plaintiffs have failed to allege that they have suffered any distinct and palpable injury from Reberger's appointment or that the judicial relief requested will prevent or redress the claimed injury. Therefore, the district court did not err in holding that they lacked standing to bring this case.

## B. Would Judicial Intervention in Reberger's Appointment Violate the Doctrine of Separation of Powers?

The district court also held that Reberger's appointment was a non-justiciable political question not subject to the court's review. This issue is based upon the doctrine of separation of powers embraced in Article II, § 1, of the Idaho Constitution.[3] *Miles v. Idaho Power Co.*, 116 Idaho 635, 778 P.2d 757 (1989). "The question is whether this Court, by entertaining review of a particular matter, would be substituting its judgment for that of another coordinate branch of government, when the matter was one properly entrusted to that other branch." *Id.* at 639, 778 P.2d at 761.

Idaho Code § 1–2101(1) provides that the Governor shall appoint, with the consent of the Senate, three of the seven permanent members of the judicial council. Article IV, § 6, of the Idaho Constitution provides, "The governor shall nominate and, by and with the consent of the senate, appoint all officers whose offices are established by this constitution, or which may be created by law, and whose appointment or election is not otherwise provided for." The framers of our Constitution understood that gubernatorial appointments are part of the political process. In Article IV, § 6, they provided Senate confirmation as the check on the Governor's absolute grant of appointive authority. The legislature can create positions to be filled by gubernatorial appointments without requiring that they be subject to Senate confirmation. *In re Inman*, 8 Idaho 398, 69 P. 120 (1902). When creating the Judicial Council, however, the legislature ex-

pressly required that permanent members of the Council can be appointed only with the consent of the Senate. That requirement brought such appointments within the ambit of Article IV, § 6, which gives the Senate the sole authority to pass upon the nominee's qualifications. Whether or not Reberger's appointment violated Idaho Code § 1–2101(1) was an issue that the Senate could, and did, debate prior to his confirmation vote. It would violate the separation of powers guaranteed by Article II, § 1, of the Idaho Constitution for this Court to substitute its view for that of the Senate regarding whether Reberger was qualified to be appointed to the Judicial Council. We must appreciate and respect the allocation of power to another branch of government. Indeed, if a court could second-guess Senate confirmation regarding whether or not Reberger's appointment resulted in more than three permanent members of the Council being from one political party, it could also decide whether the appointment was made with "due consideration for area representation." The district court did not err in holding that judicial review of the Senate confirmation would violate the doctrine of separation of powers.

In his opinion, Justice Jones relies upon *Ingard v. Barker*, 27 Idaho 124, 147 P. 293 (1915), for the proposition that there can always be judicial review of gubernatorial appointments. In *Ingard*, the Secretary of State had refused to issue a commission to a person appointed by the Governor to the State Board of Horticulture on the ground that in making that appointment the Governor had not complied with the statutory requirement to first consider the recommendations of the State Horticultural Association. The person appointed sought a writ of mandate from this Court requiring the Secretary of State to issue the commission. This Court declined to issue the writ immediately, holding that the State Horticultural Association would have sixty days in which to make

---

3. Article II, § 1, of the Idaho Constitution provides:

The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted.

recommendations to the Governor. At the expiration of sixty days, the Governor could appoint anyone he desired, regardless of whether the person had been recommended by the Association, and the Secretary of State must issue a commission to that person.

*Ingard* is inapposite for two reasons. First, that case was not brought by some person whose sole interest was a belief that the Governor had not complied with the statute. It was brought by the injured party— the man who had been appointed and whose commission was denied by the Secretary of State. Second, the statute under which that man had been appointed did not require the consent of the Senate. Therefore, the effect of Senate confirmation pursuant to Article IV, § 6, of the Idaho Constitution was not an issue in the case.

### C. Are the Plaintiffs Entitled to an Award of Attorney Fees?

In their brief, the Plaintiffs request an award of attorney fees on appeal under the private attorney general doctrine. Because they did not prevail, they are not entitled to an award of attorney fees. *Uhl v. Ballard Med. Prods., Inc.,* 138 Idaho 653, 67 P.3d 1265 (2003).

### IV. CONCLUSION

The judgment of the district court is affirmed. Costs on appeal are awarded to the respondents.

Justices Pro Tem WALTERS and KIDWELL concur.

Justice JONES, Concurring in the Result.

I concur in the result reached by the Court. However, I disagree with Part IIIA insofar as it holds that the Plaintiffs have not made sufficient allegations to establish standing to challenge compliance with that part of Idaho Code § 1–2101(1) prohibiting the appointment of more than three permanent members of the Judicial Council from one political party. While I agree that this prohibition was not violated, I would hold that the Plaintiffs did make sufficient allegations to establish standing on this issue. I also

disagree with the Court's conclusion in Part IIIB. The second issue will be addressed first.

### I. Part B

Idaho Code § 1–2101(1) provides for a Judicial Council with seven permanent members. The Legislature has provided for the appointment by the board of commissioners of the Idaho State Bar of three permanent attorney members, including one district judge, with the consent of the Senate. The Legislature calls for the appointment by the Governor of three permanent non-attorney members, with the consent of the Senate. The Legislature designates the chief justice of the Supreme Court as the seventh member. The statute requires that appointments "be made with due consideration for area representation and not more than three (3) of the permanent appointed members shall be from one (1) political party." The Court holds that the Senate has sole authority to pass upon the qualifications of a gubernatorial appointee and that judicial review of the appointment would violate the doctrine of separation of powers. I disagree.

Restrictions of the sort contained in Section 1–2101 are not uncommon. The Legislature has limited the number of members of one political party that can serve on a number of governmental entities. For example, no more than two of the three members of the Idaho Public Utilities Commission can be from the same party (I.C. § 61–201); no more than two of the four members of the State Tax Commission can be from the same party (I.C. § 63–101(5)); no more than two of the three members of the Board of Tax Appeals can be from the same party (I.C. § 63–3802); no more than four of the seven members of the Idaho Fish and Game Commission can be from the same party (I.C. § 36–102(b)); no more than three of the five members of the Idaho Personnel Commission can be from the same party (I.C. § 67–5307(1)); no more than two of the three members of the State Board of Correction can be from the same party; and no more than three of the five members of the State Lottery Commission can be from the same party (I.C. § 67–7405). These provisions

were enacted to maintain some political balance on the various governmental entities and to prevent any political party from gaining overwhelming control.

The Legislature routinely establishes qualifications for those offices it creates and has done so for the office here in question. In addition to the political party restriction, the Legislature has provided that three members of the Judicial Council be attorneys, one of them a district judge. Three other members are to be non-attorneys. In making appointments, the Governor and bar commissioners are to give due consideration to area representation.

The Legislature has clear authority to create offices not provided for in the Idaho Constitution and to establish qualifications for filling them. This Court correctly stated the law in *Smylie v. Williams*, 81 Idaho 335, 339–340, 341 P.2d 451, 453 (1959), as follows:

> There is no question but that the legislature may, in the exercise of its plenary power, create an office or offices not established by the constitution and not prohibited by either the Federal or State Constitution. In the case of *Ingard v. Barker*, 27 Idaho 124, 147 P. 293, 295, this Court, after citing § 6, Art. 4, of the State Constitution, stated:
>
> > "Under this constitutional provision, the Legislature has the power to create an office and provide for the filling of the same whenever such office is not established by the Constitution, and to provide for the appointment of such officer either by the chief executive or in any other manner that in the wisdom of the Legislature it may deem proper; there being no inhibition in the Constitution as to the creation of other offices than those named therein, but, on the contrary, there being an express recognition of the power in the following terms: 'or which may be created by law, and whose appointment or election is not otherwise provided for.' "
>
> Where an office is of legislative creation the legislature can modify, control, or abolish it; and within these powers is embraced the right to change the mode of appointment to the office.

The *Ingard* Court made it clear that Art. 4, § 6 of the Constitution is a limitation on the Governor's appointment power. The Court said, "That the legislature may limit the power of the chief executive in the matter of making appointments cannot be successfully refuted." 27 Idaho at 132, 147 P. at 295. The Governor may not, therefore, make an appointment that contravenes the requirements or restrictions of an office created either by the Constitution or by act of the Legislature. Nor may the Senate confirm the appointment of an individual whose qualifications are not in keeping with the requirements of the law.

It is alleged by the Plaintiffs here that the Governor improperly appointed a fourth Republican member to the Judicial Council and that the Senate improperly confirmed such appointee. If that were truly the case, it would amount to a separation of powers problem but not the problem contemplated by the Court. Rather, the problem would be the Governor making an appointment in violation of a properly enacted statute. The Legislature, acting through both of its houses, has the authority to impose restrictions and qualifications for offices it establishes and such restrictions and qualifications have the force of law. Neither the Governor nor the Senate may disregard such statutory requirements. The Governor and Senate would be attempting to amend a properly enacted statute without the concurrence of the House of Representatives. If it is desired to depart from the appointment requirements provided by law, then both houses of the Legislature need to enact legislation to modify the requirements. Until that avenue is successfully pursued, an appointment and/or confirmation in violation of a statute creates a justiciable question. If the courts cannot entertain a challenge to an appointment that does not comply with the statutes, who is there to ensure that the dignity of the law is maintained?

This Court has acted in the past to ensure compliance with appointment requirements established by the Legislature. In *Ingard*, the Court was presented with a situation where the Governor had appointed three individuals to the State Board of Horticultural

Inspection. The Secretary of State refused to issue commissions to two of the appointees, claiming the appointments were void and of not effect because the Governor had not complied with section 1310 of the Revised Codes of Idaho, as amended by chapter 58 of the Session Laws of 1911, which, among other things, required that, "in making said appointments, the Governor shall consider any recommendations made by the State Horticultural Association as the proper person to be so appointed." 27 Idaho at 128–129, 147 P. at 294. Ingard, one of those appointees, sought a writ of mandate requiring the Secretary of State to issue his commission. The Court declined to do so, holding that the Governor had failed to fully comply with the statute by not having considered any recommendations made by the Horticultural Association.

The Court first noted:

The act provides no other appointive power, and in express terms places the appointment with the Governor.... The statute fails to fix the number of persons that shall be recommended, the time or place when the recommendations shall be made, the qualifications of the persons so recommended, or that the Governor shall appoint said board from those recommended.

27 Idaho at 136, 147 P. at 297. The Court then observed:

The statute clearly imposes two duties upon the chief executive——first, to appoint a state board of horticultural inspectors; second, to consider any recommendations made by the State Horticultural Association as the proper persons to be so appointed.

27 Idaho at 138, 147 P. at 298. The Court continued:

The act, neither in direct terms nor by implication, requires the Governor to appoint said board from the recommendations so made, but it does impose upon him the duty of considering any recommendations made by the State Horticultural Association, and from a reasonable construction of the statute, it is incumbent upon the Governor, not only to consider any recommendations that are made of persons recommended to be appointed by the hor-

ticultural association, but to carefully to consider such person or persons so recommended before appointing the members of said board.

27 Idaho at 139, 147 P. at 298. The Court concluded that the State Horticultural Association should be allowed 60 days from and after the date the opinion was handed down in which to make recommendations so that the Governor could consider that Association's recommendations. The Court did not require that the Governor make his appointments from the list of persons recommended by the Association since there was no such requirement in the statute. 27 Idaho at 140, 147 P. at 298.

Thus, where I.C. § 1–2101(1) clearly prohibits more than three members of one political party from serving on the Judicial Council, an appointment either by the Governor or bar commissioners which contravenes the restriction presents a justiciable question. If the bar appointed three attorneys, one of whom was not a district judge, a justiciable question would be presented. If the Governor appointed an attorney, a justiciable question would be presented. If the Governor appointed a person as director of the Idaho Department of Resources who was not "familiar with irrigation in Idaho," as required by I.C. § 42–1701(2), a justiciable question would be presented. If the Governor appointed a person to the Idaho Board of Registration of Professional Engineers and Professional Land Surveyors who did not have the 12 years of practice required by I.C. § 54–1204, a justiciable question would be presented. Whether or not the Legislature requires Senate confirmation of a particular office, the appointment must be made in compliance with the applicable laws and a failure by the Governor to observe the requirements or, where confirmation is provided for, an attempt by the Senate to confirm a person whose qualifications don't comply, gives rise to a justiciable controversy.

## II. Part A

However, in order to bring an action challenging a noncompliant appointment, a litigant must have standing. I disagree that the Plaintiffs have not alleged sufficient facts

to give them standing with regard to their contention that the appointment contravenes the statutory limitation on party membership. The Plaintiffs have alleged that they are members of the Democratic Party and that they are injured by virtue of the fact that more members of an opposing party were appointed to serve on the Judicial Council than Section 1–2101 permits. Because the statute is designed to prevent any political party from gaining overwhelming control of the governmental entity in question, it stands to reason that any aggrieved political party, or possibly an independent concerned about the concentration of power, would have the ability to challenge the action.

The argument of the Plaintiffs is not entirely on point, however, as the main thrust of their argument is couched in terms of the Governor and Senate usurping an opportunity that would be theirs but for a violation of the statute. In other words, because too many Republicans were appointed, the Democrats suffered because one of their own was not appointed to the position. There is nothing in the statute that indicates the purpose of the restriction is to provide opportunities for members of the Democratic Party or for any other party. The purpose of the statute is to prevent a concentration of power by any one party. Certainly the Idaho Democratic Party, the Constitution Party, the Libertarian Party of Idaho, and the Natural Law Party of Idaho, all of whom are recognized by the State of Idaho, would all have an interest in seeing that the Judicial Council, as well as every other governmental entity subject to a statutory party membership limitation, would not be weighted too heavily by an opposing party. Any of those parties would obviously have a dog in this fight and would have standing to pursue it. That said, however, even though I would hold that the Plaintiffs, pursuing their claim on behalf of the Democratic Party, do have standing, their complaint was properly dismissed because no violation of the party limitation occurred here.

The Plaintiffs contend that Reberger's appointment violates the party limitation because three other members of the Judicial Council, including the Honorable Randy Smith, a district judge, were members of the Republican Party. Judge Smith was appointed to the Judicial Council by the board of commissioners of the Idaho State Bar in June of 2001. Prior to his appointment to the district court bench in 1996, Judge Smith had served as Bannock County Republican Chairman and Chairman of the Idaho Republican Party. The Plaintiffs allege that Judge Smith "remains a member of the Republican Party despite his service on the district court bench." However, they offer no evidence to support such allegation. Indeed, at oral argument their counsel conceded that in the data sheet Judge Smith filled out when appointed to the Judicial Council, he did not claim affiliation with any political party. Since his appointment in 1996, Judge Smith has successfully run for reelection on a nonpartisan ticket. Therefore, the district court properly dismissed the complaint insofar as it alleged the improper appointment of a fourth member of the same political party to the Judicial Council.

Justice BURDICK concurs.