(May 5, 1914.)

## A. L. McREYNOLDS et al., Appellants, v. GEORGE HARRIGFELD et al., Respondents.

[140 Pac. 1096.]

RIGHT OF WAY FOR IRRIGATION DITCH—PAROL LICENSE—EFFECT OF—SECTION 6007, REVISED CODES, CONSTRUED—PLACING PARTIES IN STATU QUO.

1. A parol license for a right of way for a ditch, if sought to be declared perpetual, would be an easement or interest in real property, which can only be created by operation of law, or a conveyance or other instrument in writing, subscribed by the party sought to be charged.

2. *Held*, that where the evidence fails to disclose that licensees have expended considerable money or made valuable improvements in reliance upon a parol license for a right of way for a ditch, and fails further to show that benefits or advantages have accrued to licensors thereunder, this court will not "by operation of law" declare such parol license an easement and not within the inhibition of sec. 6007, Rev. Codes.

3. If parties are placed in their original position and with their original rights, they are *"in statu quo."*

4. Mere naked possession by the licensees of a right of way created by parol license is not sufficient to authorize such license to be declared irrevocable.

APPEAL from the District Court of the Ninth Judicial District for Fremont County. Hon. James G. Gwinn, Judge.

Action to quiet title to ditch and right of way for same across lands and to obtain an injunction restraining defendants from interfering with plaintiffs' use of same. *Affirmed.*

Millsaps & Moon and C. H. Lingenfelter, for Appellants.

A parol license to enter and construct a ditch over lands by a gratuitous consent of the owner operates as an irrevocable grant after entry and construction of the ditch, its interrupted use for two years and expenditure of money to make the water available for the purpose of irrigation. (*De Graffenried v. Savage,* 9 Colo. App. 131, 47 Pac. 902; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039.)

The open and visible use of an easement consisting of an irrigating ditch for six years is notice of such easement to the grantee of the servient tenement. (*Croke v. American Nat. Bank,* 18 Colo. App. 3, 70 Pac. 229.)

Where the owner voluntarily consents to the construction of an irrigation ditch across his land, the right of the owner to maintain and use it is absolute. (*Arthur Irr. Co. v. Strayer,* 50 Colo. 371, 115 Pac. 724; *Jones v. Bondurant,* 21 Colo. App. 24, 120 Pac. 1047.)

"It is no objection to gaining an easement by prescription that the same was originally granted or bargained for by parol. That the use began by permission does not affect the prescriptive right, if it has been used and exercised for the requisite period under claim of right on the part of the owner of the dominant tenement." (Washburn's Easements and Servitudes, 4th ed., 89; *Huff v. McCauley,* 53 Pa. 206, 91 Am. Dec. 203; *Ashley v. Ashley,* 4 Gray (Mass.), 197; *Jewett v. Hussey,* 70 Me. 433; *Stearns v. Janes,* 12 Allen (Mass.), 582;

*Clark v. Glidden,* 60 Vt. 702, 15 Atl. 358; *Incorporated Town of Spencer v. Andrew,* 82 Iowa, 14, 47 N. W. 1007, 12 L. R. A. 115; *Messick v. Midland Ry. Co.,* 128 Ind. 81, 27 N. E. 419.)

"While a parol license to enter upon real estate is generally revocable at the pleasure of the licensor, it is settled that such license cannot be revoked when the licensee, on the faith of the license, with the knowledge of the licensor, has expended his money and labor in carrying out the object of the license. This is on the principle of estoppel." (*School Dist. v. Lindsay,* 47 Mo. App. 134; *Schilling v. Rominger,* 4 Colo. 100; *Tynon v. Despain,* 22 Colo. 240, 43 Pac. 1039; *Lee v. McLeod,* 12 Nev. 280, 284; *Rerick v. Kern,* 14 Serg. & R. (Pa.) 267, 16 Am. Dec. 497; *Summer v. Stevens,* 6 Met. (Mass.) 337; *Arbuckle v. Ward,* 29 Vt. 43; *Snowden v. Wilas,* 19 Ind. 1014, 81 Am. Dec. 370; *Talbott v. Thorn,* 91 Ky. 417, 16 S. W. 88; *Gyra v. Windler,* 40 Colo. 366, 91 Pac. 36, 13 Ann. Cas. 841; *Bowman v. Bowman,* 35 Or. 279, 57 Pac. 547.)

A parol license through some act on the servient estate is, when executed, irrevocable. (Washburn on Easements, sec. 560; *Morse v. Copeland,* 2 Gray (Mass.), 302; *Johnson v. Skillman,* 29 Minn. 95, 43 Am. Rep. 192, 12 N. W. 149; *North Powder Milling Co. v. Coughanour,* 34 Or. 9, 54 Pac. 223; *Wyatt v. Larimer etc. Irrigation Co.,* 18 Colo. 298, 36 Am. St. 280, 33 Pac. 144.)

The agreement with McIntosh, Green and McGavin amounted to something more than a license. (*Chicosa Irrigating Ditch Co. v. El Moro Ditch Co.,* 10 Colo. App. 276, 50 Pac. 731.)

N. D. Jackson, for Respondents.

The permission granted by the respondents being oral was a mere license and was revocable at the will of the licensors. It was a privilege to do certain acts upon the lands of the respondents but carried no estate therein. (*Howes v. Barmon,* 11 Ida. 64, 114 Am. St. 255, 81 Pac. 48, 69 L. R. A. 568.) McIntosh, Green and McGavin, who obtained the permission from the respondents, paid no consideration therefor. (*Great*

*Falls Water Works Co. v. Great Northern Ry.,* 21 Mont. 487, 54 Pac. 963; 25 Cyc. 646, 647; *Yeager v. Woodruff,* 17 Utah, 361, 53 Pac. 1045.)

None of the original licensees are parties to this action and none of them are interested in the result. The privilege granted to McIntosh, Green and McGavin was personal to them and could not by them be assigned. (*Howes v. Barmon, supra; Fabian v. Collins,* 3 Mont. 215; *Fischer v. Johnson,* 106 Iowa, 181, 76 N. W. 658; *Ward v. Rapp,* 79 Mich. 469, 44 N. W. 934; *Johnson v. Skillman,* 29 Minn. 95, 43 Am. Rep. 192, 12 N. W. 149; *Polk v. Carney,* 17 S. D. 436, 97 N. W. 360.)

WALTERS, District Judge.—The appellants herein, who were plaintiffs below, brought this action in the trial court to obtain decree quieting in them title to a certain ditch and right of way for the same, across the lands of the respondents, who were defendants below, and to obtain an injunction perpetually restraining defendants from interfering with plaintiff's use of the same.

After trial the lower court found that plaintiffs based their claim of title to said ditch and right of way for the same upon the fact that the predecessors in interest of plaintiffs had procured from the defendants a verbal license to construct said ditch across defendant's lands, and found further as a matter of law that said verbal license was revocable at the will of the defendants; that prior to the commencement of said action defendants, by certain acts, had revoked said license, and that plaintiffs had no right, title or interest in and to said ditch, or a right of way for same over or across the lands of defendants.

The facts involved in this case do not seem to be in serious dispute, and disclose that in the year 1901 John McIntosh and Oscar Green went to the residence of the defendant, George Harrigfeld, and represented to him that they wished to build a ditch across a certain tract of raw, uncultivated land then owned by defendants, and situated some several miles from defendant's residence.

The defendant Harrigfeld testified that in the early part of the summer of 1901 McIntosh and Green drove up to his home on a Sunday afternoon and that McIntosh stated that he had a little hay on his place that he would like to save, and asked permission to make a ditch across the land in question, and promising that when Harrigfeld desired to cultivate the land, should the ditch be found to be situated not as Harrigfeld desired, he would change the same to such location as Harrigfeld should indicate, and that it was upon such an understanding that permission was given to McIntosh to construct the ditch across such land.

McIntosh and Green, who testified on behalf of plaintiffs, corroborated Harrigfeld in part, testifying, however, that they had no recollection that Harrigfeld required as a condition that the ditch should later be changed should he so desire when he put the land in cultivation, but that they did not desire to testify that Harrigfeld had not so required.

McIntosh, Green, and a third person named McGavin, neither of whom are parties to this action, constructed the ditch and used the same for four or five years, when they severally disposed of their lands. Green and McGavin abandoned such ditch and claim no interest therein, the plaintiffs herein basing their claim of title to said ditch and right of way for same on mesne conveyances from McIntosh.

The trial court further found the facts to be that the licensees (McIntosh, Green and McGavin) constructed said ditch in the summer of 1901 and that they, and the successors in interest to the lands of McIntosh, used the same until the year 1910, at which time the tenants of the defendants plowed and cultivated the land covered by said ditch; that the tenants of defendants in the year 1911 again plowed and cultivated the land covered by said ditch, but that in the month of July of said year the plaintiffs opened the ditch and again used the same; that in the year 1912 the plaintiffs again undertook to use said ditch, when they were prevented from so doing by defendants, whereupon plaintiffs instituted this action; that the land formerly owned by the licensee McIntosh, for the irrigation of which the license for the

construction of said ditch was obtained, is the same land now owned by the plaintiffs; that said ditch when constructed was constructed with reference to the natural surface of the ground and without reference to the lines or boundaries of the same, and that the seepage from the same renders some portion of defendants' land wet and useless for farming, and that it is necessary for defendants to construct flumes over said ditch in order to irrigate some portions of their own land.

It further appears that in the year 1911 the plaintiff Mc-Reynolds and the defendant George Harrigfeld had some conversation about the location of the ditch in question, when Harrigfeld informed McReynolds that if he must take water across defendants' land, that defendants would grant plaintiffs a full right of way for the same across defendants' land, to be, however, constructed along the fence line and of sufficient capacity to convey the forty inches of water owned by plaintiffs, where defendant asserted it could be easily constructed, would cause no damage, and be out of the way of everybody. To this offer the plaintiff McReynolds refused to accede, insisting that if the ditch was rebuilt elsewhere it should be done by defendants.

Based upon this record the trial court found, as conclusions of law, that the oral license obtained by the licensees (McIntosh and Green) from said defendants for the construction of said ditch, and upon which plaintiffs based title, was revocable at the will of the defendants; that the defendants, prior to the institution of this action, had revoked said license; that the plaintiffs have no right or other interest in or to said ditch or a right of way for the same, and decree was entered accordingly, from which plaintiffs prosecuted this appeal.

(1) It thus appears that the precise question here for inquiry is, when will a parol license for a right of way for a ditch over land be made perpetual, having in mind that such right of way is an easement or interest in real property, which sec. 6007 of the Rev. Codes declares can only be created by operation of law, or a conveyance or other instrument in

writing subscribed by the party granting such easement or right of way?

Inasmuch as it is not claimed that any consideration passed to, or benefit has been received by, the defendants for the license granted to construct the ditch across defendants' land, this case therefore does not fall within the rule announced by this court upholding oral agreements for such purposes in the following cases: *Stowell v. Tucker*, 7 Ida. 312, 62 Pac. 1033; *Feeney v. Chester*, 7 Ida. 324, 63 Pac. 192; *Male v. Leflang*, 7 Ida. 348, 63 Pac. 108.

(2) It should further be borne in mind that the record in this case is absolutely silent as to what amount of money the licensees or their successors in interest may have expended, if any, in reliance upon their license, or oral permission to construct said ditch; what additional acreage or improvements, if any, licensees, or their successors, may have developed or made. It is not shown that the defendants permitted said ditch to be constructed because of any benefit or advantage which may accrue to them, nor that any benefits or advantages have accrued to defendants by reason of the construction of said ditch. The testimony merely shows that defendants had granted licensees permission to build the ditch, and that they had so built it.

The question involved in this appeal has received some considerable attention by the courts, and it has been held, as the most liberal view, that when the licensee has acted under the authority conferred and has incurred expense in pursuance of it, by making valuable improvements on his own property or on the right of way, that equity will regard it as an executed contract and will not permit it to be revoked, regarding it substantially as an easement, the revocation of which would be a fraud on the licensee.

The supreme court of Nevada, in the case of *Lee v. McLeod,* 12 Nev. 280, has held: "A parol license to erect a dam upon another's land, or to convey water from a stream running through the land of another, for the purpose of erecting and conducting a flouring-mill, is, in our opinion, irrevocable after the party to whom the license was given has executed it by

erecting the mill, or otherwise expended his money upon the faith of the license.''

In the case of *Bowman v. Bowman*, 35 Or. 279, 57 Pac. 546, it is said: ''For the rule is well settled in this state that a parol license cannot be revoked after the licensee has expended money or performed labor in making valuable and permanent improvements on real property upon the faith of such license.''

The question here mooted seems to have been exhaustively considered by the supreme court of Oregon in the recent case of *Shaw v. Proffitt*, 57 Or. 192, Ann. Cas. 1913A, 63, 109 Pac. 584, 110 Pac. 1092, wherein the following language is quoted with approval:

''The cases are practically agreed that on strict common-law principles a bare license is revocable at the will of the licensor, even though executed; but it is held by a very respectable line of authorities, as in the reported case, that on principles of equity the revocation of a license after the licensor has stood by and permitted the licensee to incur considerable expense on the faith of the license would amount to a constructive fraud, working an estoppel in the licensee's favor.''   To the same effect is *Great Falls Water Works Co. v. Great Northern Ry. Co.*, 21 Mont. 487, 54 Pac. 963.   See, also, 25 Cyc. 646, and cases cited.

This court has heretofore recognized such principle of law in the case of *Howes v. Barmon*, 11 Ida. 64, 114 Am. St. 255, 81 Pac. 48, 69 L. R. A. 568, where it is held that a court of equity will not lend enforcement to a parol license for an easement in realty where the party invoking its aid has not parted with any consideration or property, and no irreparable damage is suffered and no fraud is inflicted upon him, and where he is *in statu quo* at the time of the commencement of his action.

So in the case at bar, it does not appear that the plaintiffs, nor their predecessors in interest, parted with any consideration or property for the permission given; neither does it appear that plaintiffs will suffer irreparable damage by a

denial of the court to enforce the specific performance prayed; nor does it appear that, should the court refuse to grant plaintiffs the relief asked, they will not be left in their original position, nor defeated of their original rights. On the contrary, they will be absolutely *in statu quo,* and hence it clearly appears this is not a case authorizing or justifying the interference of a court of equity to make perpetual or permanent a parol license for an easement in realty.

(3) In the case of *Daly v. Bernstein,* 6 N. M. 380, 28 Pac. 764, the supreme court of New Mexico says: " '*In statu quo*' means being placed in the same position in which a party was at the time of the inception of the contract which is sought to be rescinded."

As was said in *Howes v. Barmon, supra:* "But courts of equity grant relief in such cases upon the principal theory that the parties cannot be placed in the position they originally occupied, and therefore equity will compel them to live up to their agreements."

(4) All that may be said in the case here considered is, that the plaintiffs, or licensees, have been let into possession of the property or right of way for ditch, and such fact alone is not sufficient for a court of equity to declare that "by operation of law" the provisions of sec. 6007, Rev. Codes, need not be observed. (*Howes v. Barmon, supra,* and cases there cited.)

We conclude that upon the evidence as contained in the record, and the law applicable thereto, the trial court was authorized to enter the judgment appealed from, and said judgment is *affirmed,* with costs awarded to respondents.

Ailshie, C. J., and Sullivan, J., concur.