(April 1, 1919.)

JAMES A. MacKINNON, Appellant, v. THE BLACK PINE MINING COMPANY et al., Respondents.

[179 Pac. 951.]

WATER AND WATERCOURSES—INJUNCTION—PAROL LICENSE.

1. A party who brings water into a stream and puts it to a beneficial use will be granted an injunction to restrain one who has no right to it from interfering with the use thereof.

2. A parol license to erect and maintain a dam on the land of another is revocable at the will of licensor.

[As to intent and purpose of diversion, see note in 60 Am. St. 802.]

APPEAL from the District Court of the Tenth, formerly Second, Judicial District, for Idaho County. Hon. Edgar C. Steele, Judge.

Action for damages and injunction. Judgment for defendants. *Modified and remanded with instructions.*

J. F. Ailshie and A. S. Hardy, for Appellant.

"One may adopt as part of his ditch a depression or slough or high-water channel and have his rights to the possession and use thereof protected the same as if such ditch had been wholly artificially made." (See, also, *Bennett v. Nourse,* 22 Ida. 249, 255, 125 Pac. 1038; *Simmons v. Winters,* 21 Or. 35, 28 Am. St. 727, 27 Pac. 7; *Parke v. Boulware,* 7 Ida. 490, 63 Pac. 1045; *Ripley v. Park Center Land etc. Co.,* 40 Colo. 129, 90 Pac. 75; *Churchill v. Rose,* 136 Cal. 576, 69 Pac. 416; *McCall v. Porter,* 42 Or. 49, 70 Pac. 820, 71 Pac. 976.)

In such an action the parties should set out the nature of their titles, and having attempted to do so, no other rights than those set out can be relied upon. The issues limit the rights that may be asserted in any action, but this is especially true where defendant has attempted to plead his title. (*Turner v. White,* 73 Cal. 299, 14 Pac. 794; *Oliver v. Enriquez,* 17

N. M. 206, 124 Pac. 798; 32 Cyc. 1367; *Sterling v. Pawnee Ditch etc. Co.*, 42 Colo. 421, 94 Pac. 339, 15 L. R. A., N. S., 238; *Strong v. Baldwin*, 137 Cal. 432, 70 Pac. 288; *Joyce v. Rubin*, 23 Ida. 296, 130 Pac. 793.)

"A parol license to do something on the lands of another is revocable at the option of the licensor." (*Howes v. Barmon*, 11 Ida. 64, 114 Am. St. 255, 81 Pac. 48, 69 L. R. A. 568; *McReynolds v. Harrigfeld*, 26 Ida. 26, 140 Pac. 1096; Farnham on Waters, sec. 787, p. 2324; *Profile Cotton Mills v. Calhoun Water Co.*, 189 Ala. 181, 66 So. 50; *Hicks v. Swift Creek Mill Co.*, 133 Ala. 411, 91 Am. St. 38, 31 So. 947, 948, 57 L. R. A. 720; *Lawrence v. Springer*, 49 N. J. Eq. 289, 31 Am. St. 702, 715, 24 Atl. 933; *Pifer v. Brown*, 43 W. Va. 412, 27 S. E. 399, 49 L. R. A. 497; 25 Cyc. 647, note 48, and cases cited.)

Geo. W. Tannahill and S. O. Tannahill, for Respondents.

"Where a litigation has been in some manner disposed of so as to render unnecessary the determination of the question involved, the appeal will be dismissed." (*Crawfordsville Trust Co. v. Ramsey*, 55 Ind. App. 40, 100 N. E. 1049, 102 N. E. 282; *Edwards v. Welch*, 29 Okl. 335, 116 Pac. 791; *Wilson v. Fraser*, 67 Wash. 347, 121 Pac. 829; *Foster v. Jones*, 35 Nev. 248, 128 Pac. 986.)

"Where there is a substantial conflict in the evidence, neither the findings nor the judgment of the trial court will be disturbed on appeal." (*Little v. Little*, 29 Ida. 292, 158 Pac. 559; *Abbott v. Reedy*, 9 Ida. 577, 75 Pac. 764; *Small v. Harrington*, 10 Ida. 499, 79 Pac. 461; *Heckman v. Espey*, 12 Ida. 755, 88 Pac. 80; *Hufton v. Hufton*, 25 Ida. 96, 136 Pac. 605.)

"An executed parol license on the faith of which the licensee has expended money or labor, is not revocable at the pleasure of the licensor." (*Gyra v. Windler*, 40 Colo. 366, 13 Ann. Cas. 841, 91 Pac. 36; 25 Cyc. 646; *Miller & Lux v. Kern County Land Co.*, 154 Cal. 785, 99 Pac. 179.)

DUNN, District Judge.—Appellant alleges two causes of action against respondents. In the first, that he is the owner of one cubic foot per second of the waters of Glasser gulch, in Elk'City mining district, Idaho county; that respondents have unlawfully interfered with his use of said water and threaten to continue such interference. He asks damages amounting to $900.

While there may be serious doubt whether the denials of the answer raise an issue, the matter has been tried on the merits and we will so dispose of it.

An examination of the evidence discloses the fact that appellant claims none of the waters naturally flowing in said gulch, but claims only water from Red Horse Creek which he has turned into Glasser gulch and which he claims the right to divert and use on his placer claims. The evidence also discloses that the respondent, the Black Pine Mining Company, claims only the waters naturally flowing in Glasser gulch and that it has no right whatever to the waters brought into said gulch by appellant. The other respondents make no claim to any water. Thus it is seen that there is no real conflict between appellant and the respondent company as to the ownership and right to use water.

There can be no question as to the right of appellant to convey the waters of Red Horse Creek through Glasser gulch to his placer ground and to divert the same amount of water as he turns in, less any'loss he may sustain by evaporation and seepage, if he does not interfere with the rights of others in so doing. (*Parke v. Boulware*, 7 Ida. 490, 63 Pac. 1045; *Bennett v. Nourse*, 22 Ida. 249, 125 Pac. 1038.)

It appears from the evidence that respondents have interfered with the diversion of this water by appellant, and he is therefore entitled to an injunction restraining them from further interference with his rights in this regard.

As to the natural flow of Glasser gulch, since appellant expressly disclaims any right thereto, it is immaterial to him when respondents began to use it or what they do with it.

In the second cause of action appellant alleges that respondents unlawfully constructed a dam across American River on a mining claim belonging to him so the waters of said river backed up on his mining claims and on the road leading thereto to such an extent as to destroy his means of ingress to and egress from said claims, damaging him to the amount of $1,600.

In addition to the damages claimed in both causes of action, he asks that respondents be enjoined from interfering with his water right and from maintaining said dam across American River.

The uncontradicted evidence shows that respondent company bases its claim to a right to maintain this dam on appellant's land solely on the fact that he gave oral consent to the building of the dam in the first place. This was simply a parol license which could be revoked at any time by him. The rule laid down by this court in *Howes v. Barmon,* 11 Ida. 64, 114 Am. St. 255, 81 Pac. 48, 69 L. R. A. 568, and *McReynolds v. Harrigfeld,* 26 Ida. 26, 140 Pac. 1096, applies to this case. (See, also, *Hamilton Woolen Co. v. Moore,* 25 Fed. 4; *Johnson v. Skillman,* 29 Minn. 95, 43 Am. St. 192, 12 N. W. 149; *Woodward v. Seely,* 11 Ill. 157, 50 Am. Dec. 445; *Great Falls Waterworks Co. v. Great Northern Ry. Co.,* 21 Mont. 487, 54 Pac. 963; *Entwhistle v. Henke,* 211 Ill. 273, 103 Am. St. 196, 71 N. E. 990; *Hicks v. Swift Creek Mill Co.,* 133 Ala. 411, 91 Am. St. 38, 31 So. 947, 57 L. R. A. 720; *Crosdale v. Lanigan,* 129 N. Y. 604, 26 Am. St. 551, 29 N. E. 824; *Blaisdell v. Portsmouth, Great Falls & Conway R. R.,* 51 N. H. 483; *Nowlin Lumber Co. v. Wilson,* 119 Mich 406, 78 N. W. 338; *Hodgkins v. Farrington,* 150 Mass. 19, 15 Am. St. 168, 22 N. E. 73, 5 L. R. A. 209; *Pifer v. Brown,* 43 W. Va. 412, 27 S. E. 399, 49 L. R. A. 497; *Pitzman v. Boyce,* 111 Mo. 387, 33 Am. St. 536, 19 S. W. 1104; *Lawrence v. Springer,* 49 N. J. Eq. 289, 31 Am. St. 702, 24 Atl. 933.)

If the dam has been wholly destroyed since the judgment was entered by the district court, as represented by the respondent company in its motion to dismiss the appeal, the company will probably suffer no serious inconvenience by

being enjoined from rebuilding it on the old site. The motion to dismiss the appeal is denied.

The district court found against appellant on his claim for damages. The evidence being conflicting, but ample to sustain the findings of the trial court on this point, the judgment in this particular is affirmed.

The judgment as to the injunction is reversed and the district court is directed to grant an injunction restraining respondents from interfering with appellant's right to carry the waters of Red Horse Creek through Glasser gulch to his placer claims and from further maintaining the dam across American River on his mining claims. Costs are awarded to appellant.

Morgan, C. J., and Rice, J., concur.