152 P.3d 575

**CAPSTAR RADIO OPERATING COMPANY, a Delaware corporation, Plaintiff–Respondent,**

v.

**Douglas P. LAWRENCE and Brenda J. Lawrence, husband and wife, Defendants–Appellants.**

No. 32090.

Supreme Court of Idaho, Lewiston, August 2006 Term.

Jan. 26, 2007.

See also 143 Idaho 710, 152 P.3d 581, 2007 WL 195990

John P. Whelan, P.C., Coeur d'Alene, for appellants. John P. Whelan argued.

Owen, James, Vernon and Weeks, Coeur d'Alene, for respondent. Susan P. Weeks argued.

JONES, Justice.

Capstar Radio Operating Company filed suit to declare the existence of an easement over property owned by Douglas and Brenda Lawrence. The Lawrences appeal from the district court's grant of summary judgment finding a twenty foot wide express easement across their property. We vacate the summary judgment and remand to the district court for further proceedings.

## I.

The Lawrences and Capstar own parcels of property on Blossom Mountain south of Post Falls. The "Lawrence parcel" is located in the southeast quarter of section 21 and the "Capstar parcel" is located to the east in the southwest quarter of section 22. From a public road, known as Signal Point Road, Capstar seeks an easement to access its property over an unimproved private road, commonly known as Blossom Mountain Road, which crosses through the Lawrence parcel before passing near the Capstar parcel. The Capstar parcel does not abut Blossom Mountain Road.

At one time, Harold and Marlene Funk owned both parcels as part of a larger property holding. In 1975, the Funks agreed to sell the Lawrence parcel to Human Synergistics, Inc. In the sale agreement with Human Synergistics, the Funks included the following paragraph:

5. Subject to and including an ingress egress easement over this and adjoining property in said sections 21 and 22 owned by the grantor and including an ingress egress easement over portions of Section 21 heretofore granted to the grantors. Said easement shall be over existing roads until such time as all record owners shall agree to the relocation, improvement and/or abandonment of all or any portions of any roads. This easement is also over similar lands in Section 15.

In 1992, the Funks gave Human Synergistics a warranty deed that stated it was "given in fulfillment of those certain contracts between the parties hereto dated July 1, 1975 and conditioned for the conveyance of the above described property ..." This property passed through several other hands before the Lawrences purchased it in 1996.

When the Lawrences questioned Capstar's right to access its property over the portion of Blossom Mountain Road that traversed their property, Capstar filed suit seeking declaratory and injunctive relief. Capstar sought to have an easement declared based on four theories—express easement, easement by implication, easement by necessity, and prescriptive easement. On summary judgment, the district court found that Capstar held an express easement over the Lawrence property based on the sale agreement, as well as the deed. The district court did not address Capstar's other theories. The Lawrences appeal from this decision.

## II.

In this opinion, we address three issues: (1) whether Capstar has standing; (2) whether the district court erred in finding an express easement on summary judgment; and (3) whether either party is entitled to attorney fees on appeal. In their briefing before this Court, the parties have argued issues that were either not raised below, in the case of the appellants, or not decided below, in the case of the respondent. We need not, and do not, address those issues.

### A.

When reviewing an order for summary judgment, the standard of review for this Court is the same standard used by the district court in ruling on the motion. *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005). Summary judgment is prop-

er when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Idaho R. Civ. P. 56(c). If there is no genuine issue of material fact, "only a question of law remains, over which this Court exercises free review." *Watson,* 141 Idaho at 504, 112 P.3d at 792.

## B.

 The Lawrences argue that Capstar, a Delaware corporation, lacks standing to bring this suit because it did not have a certificate of authority to operate as a foreign corporation in Idaho under I.C. § 30–1–1502(1). The Lawrences contend that the statute is jurisdictional and that Capstar must first prove it has authority to operate in Idaho before filing a lawsuit. "Standing is a preliminary question to be determined by this Court before reaching the merits of the case." *Troutner v. Kempthorne,* 142 Idaho 389, 391, 128 P.3d 926, 928 (2006).

I.C. § 30–1–1502(1) provides that "[a] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." Assuming without deciding that I.C. § 30–1–1502(1) is jurisdictional, the statute is inapplicable here. Capstar owns its property, but "transacting business" does not include the ownership of real property. I.C. § 30–1–1501(2)(i). The Lawrences did not allege any other business Capstar conducted in Idaho to cause Capstar to subject itself to the statute, so I.C. § 30–1–1502(1) is inapplicable here. *See Gebrueder Heidemann, K.G. v. A.M.R. Corp.,* 107 Idaho 275, 282, 688 P.2d 1180, 1187 (1984) (under a similar prior statute, German corporation did not transact business in Idaho as statutorily defined, so it

was not required to obtain a certificate of authority before maintaining an action in Idaho). I.C. § 30–1–1502(1) does not deprive Capstar of standing.

## C.

The district court granted summary judgment on Capstar's claim that it held an express easement over the Lawrence parcel. The court did not clearly spell out its rationale for the holding. In remarks made from the bench, the court indicated the easement was created by the sale agreement. In its subsequent written order the court based its holding on *Seccombe v. Weeks,* which would have had to implicate the 1992 deed from the Funks to Human Synergistics. Neither ruling is correct because neither document contains language creating an express easement.

 An easement is the right to use the land of another for a specific purpose that is not inconsistent with the general use of the property by the owner. *Akers v. D.L. White Const., Inc.* 142 Idaho 293, 301, 127 P.3d 196, 204 (2005). An express easement, being an interest in real property, may only be created by a written instrument. *Shultz v. Atkins,* 97 Idaho 770, 773, 554 P.2d 948, 951 (1976) (citing I.C. § 9–503; *McReynolds v. Harrigfeld,* 26 Idaho 26, 140 P. 1096 (1914)). "No particular forms or words of art are necessary [to create an express easement]; it is necessary only that the parties make clear their intention to establish a servitude." *Benninger v. Derifield,* 142 Idaho 486, 489, 129 P.3d 1235, 1238 (2006) (quoting *Seccombe v. Weeks,* 115 Idaho 433, 436, 767 P.2d 276, 279 (Ct.App.1989)). An express easement may be created by a written agreement between the owner of the dominant estate and the owner of the servient estate.[1] It may also be created by a deed from the owner of the servient estate to the owner of the dominant estate.[2] Where the owner of

1. The record includes such an agreement. Shortly before the Lawrences purchased their property, their predecessors in interest entered into a written agreement with the owner of property in the southwest quarter of Section 22, granting him a forty foot wide nonexclusive ingress and egress easement over the portion of the Lawrence property traversed by Blossom Mountain Road. The property to be benefited by this

easement was adjacent to, but did not include, the Capstar property.

2. The record includes a deed wherein a predecessor in interest of the Funks granted an easement over the portion of Blossom Mountain Road traversing the Lawrence property to the General Telephone Company of the Northwest. That deed, dated October 16, 1966, benefited

the dominant estate is selling the property to be subjected to the servitude, an express easement may be created by reservation or by exception. "An express easement by reservation reserves to the grantor some new right in the property being conveyed; an express easement by exception operates by withholding title to a portion of the conveyed property." *Akers,* 142 Idaho at 301, 127 P.3d at 204.

The district court determined that the language in the sale agreement was unambiguous and that such language created an express easement in favor of the Capstar parcel. The determination of whether a document is ambiguous is a question of law over which this Court exercises free review. *C & G, Inc. v. Rule,* 135 Idaho 763, 765, 25 P.3d 76, 78 (2001). "In the absence of ambiguity, the document must be construed in its plain, ordinary and proper sense, according to the meaning derived from the plain wording of the instrument." *Id.*

The district court apparently concluded for purposes of its bench ruling that the easement was of the first variety mentioned above—one created by a written agreement. We thus examine the sale agreement to determine whether the language therein can be construed to grant an easement over property, then owned by the Funks and now owned by the Lawrences in the southeast quarter of Section 21, for the benefit of property in the southwest quarter of Section 22, then owned by the Funks and now owned by Capstar.

In determining that the sale agreement created an express easement the court focused upon the following language in paragraph 5: "Subject to and including an ingress egress easement over this and adjoining property in said sections 21 and 22 owned by the grantor ..." The question is whether the parties made clear their intention to establish a servitude over the Section 21 parcel subsequently acquired by the Lawrences for the benefit of other unspecified property owned by the Funks in Sections 21 and 22. There is nothing in the sale agreement that indicates an immediate grant of easement rights. Indeed, the Funks could not then have granted themselves an easement over the property being sold to Human Synergistics since they were the record owners of fee title at the time. At most, this language gave the Funks the right to obtain an access easement over the Lawrence parcel for the benefit of some other unspecified property owned by the Funks in sections 21 and 22, at such time as the purchase price was paid and the deed was delivered in accordance with the sale agreement. This was a title retaining contract where the grant of the Lawrence parcel (and the creation of any easement over it) was contingent upon the future fulfillment of the sale agreement. The document does not disclose any intent to convey any property interest until the balance owing on the sale agreement was paid.

The sale agreement therefore does not, by itself, create any easement either by grant, reservation or exception. The district court erred in concluding that it did. In order for an easement to be created, there needed to be language in the 1992 warranty deed reserving or excepting an easement. No such language is contained therein. The deed does make reference to the sale agreement but does not purport to incorporate it and, even if it did, the language in the sale agreement is insufficient to create an easement.[3]

In its written order the district court held that Capstar had an express easement over the Lawrence parcel by virtue of the holding in *Seccombe v. Weeks.* However, the

property owned by General Telephone in the southwest quarter of Section 22, but not the Capstar property.

3. Although the issue of merger was not raised before the district court, it would appear to have application to these circumstances. "When a deed is delivered and accepted as performance of the contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, the deed alone must be looked to to determine the rights of the parties." *Estes v. Barry,* 132 Idaho 82, 85, 967 P.2d 284, 287 (1998) (quoting *Jolley v. Idaho Securities, Inc.,* 90 Idaho 373, 382, 414 P.2d 879, 884 (1966)).

district court was mistaken in this regard because *Seccombe* is inapplicable to this case. *Seccombe* involved the creation of an easement by exception, i.e. withholding title to the servitude in the grant deed given by the owner of the dominant estate to the owner of the servient estate. In *Seccombe*, the grantors deeded part of their land to the grantees, "specifically *excepting* easements 'in view.'" 115 Idaho at 436, 767 P.2d at 279. Here, there is no such language in the deed from the Funks to Human Synergistics, which is the deed that would have had to create the express easement.[4] That deed did not contain a reservation or exception. The pertinent deed merely warrants that the property deeded to Human Synergistics, the Lawrences' predecessor in interest, is "free from all incumbrances." Assuming the holding in *Seccombe* is sound, it simply does not apply.

It should be noted that this Court did not review the *Seccombe* holding. Had the language in the present deed been the same as that employed in the *Seccombe* deed, the district court would not have been justified in taking great comfort in the *Seccombe* holding. Language simply "excepting" easements "in view and or record," in and of itself, would not suffice to make clear the intention of the parties to establish a servitude. Further, the *Seccombe* court, appeared to confuse creation of an easement by reservation with creation of one by exception. The Court of Appeals first stated "we believe the evidence supports the finding of an easement by reservation" (115 Idaho at 435, 767 P.2d at 278), but then goes on to hold that the language excepting easements "in view and or record" created an easement, "whether by reservation or by exception." (115 Idaho at 437, 767 P.2d at 280). It must be one or the other, it can't be both. It is not the intention of this Court to overrule the *Seccombe* holding but, rather, to advise the

parties below that it is a fairly slender reed upon which to cling.

It is unfortunate that the district court confined the summary judgment proceeding to the express easement issue, as it appears the case might have been brought to a conclusion based on evidence that was submitted with respect to Capstar's other theories but not considered on summary judgment. The court indicated that because of outstanding discovery, it would not address the other theories being pursued by Capstar. It would have been preferable to allow that discovery to be completed so that the court would have had the ability to rule on the other theories.

### D.

▮▮▮ Both parties requested attorney fees on appeal pursuant to I.C. § 12–121. We will award attorney fees if the appeal "was brought or defended frivolously, unreasonably, or without foundation." *Callaghan v. Callaghan*, 142 Idaho 185, 191, 125 P.3d 1061, 1067 (2005). Neither party acted frivolously in this appeal so we decline to award fees.

### III.

The district court's order for summary judgment is vacated and the case is remanded to that court for further proceedings consistent with this opinion. No costs or fees to either party.

Chief Justice SCHROEDER, and Justices TROUT and BURDICK concur.

Justice EISMANN, Concurring in Part II.B. and in the Result in Part II.C.

In 1975 Harold and Marlene Funk sold certain real property to Human Synergistics, Inc., under a real estate contract. The contract provided that the sale was:

---

4. The district court erroneously concluded that the pertinent deed was the warranty deed the Lawrences received from their grantors, Arman and Mary Jane Farmanian. That deed warrants the property to be "free from all incumbrances EXCEPT current taxes and easements of record or in view." There is no indication that the Farmanians were in a position to reserve or except an easement that would benefit Capstar.

Further, as we held in *Akers*, this language is not evidence of a grantor's intent to reserve or except an easement. The language discussing easements of record or in view "was an attempt to create an exception to the grantor's warranties of title and quiet enjoyment and thereby limit the grantor's potential liability." *Akers*, 142 Idaho at 301, 127 P.3d at 204.

5. Subject to and including an ingress egress easement over this and adjoining property in said sections 21 and 22 owned by the grantor and including an ingress egress easement over portions of Section 21 heretofore granted to the grantors.

The contract recited that the Funks had executed a deed conveying the property to Human Synergistics and provided that a copy of the contract and a warranty deed would be placed in escrow. That apparently was not done because the Funks later executed a warranty deed on November 18, 1992. That deed did not reserve or grant any easement. The district court held that the above-quoted sentence in the real estate contract created an easement. The district court did not explain how it could have done so.

Under the doctrine of merger, any recitals in the real estate contract were merged into the deed. As we stated in *Jolley v. Idaho Securities, Inc.*, 90 Idaho 373, 382, 414 P.2d 879, 884 (1966) (quoting *Continental Life Ins. Co. v. Smith*, 41 N.M. 82, 64 P.2d 377 (1936)), "When a deed is delivered and accepted as performance of the contract to convey, the contract is merged in the deed. Though the terms of the deed may vary from those contained in the contract, the deed alone must be looked to determine the rights of the parties...." There is no question that the deed in this case was delivered and accepted in performance of the real estate contract. It recites that it was.

This deed is given in fulfillment of those certain contracts between the parties hereto dated July 1, 1975 and conditioned for the conveyance of the above described property, and the covenants and warranty herein contained shall not apply to any title, interest or encumbrance arising by, through or under the purchaser in said contract, and shall not apply to any taxes, assessments or other charges levied, assessed or becoming due subsequent to the date of said contract.

The recital does not incorporate the contract by reference, but merely excludes from the warranties of title, quiet enjoyment, and against encumbrances any defect arising out of the purchaser's conduct during the time from the contract of sale to the issuance of the warranty deed. Thus, under the doctrine of merger, any purported reservation or grant of an easement in the real estate contract would be irrelevant. The district court erred in attempting to create an easement based upon the real estate contract.